**Clyde Frank YOUNG, Plaintiff,**

v.

**Lonnie SAUNDERS, et als., Defendants.**

**No. CIV. A. 7:00–CV–00837.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 9, 2001.

Clyde Frank Young, Craigsville, VA, pro se.

Pamela Anne Sargent, Office of Atty. General, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

TURK, District Judge.

Plaintiff Clyde Frank Young, a Virginia inmate proceeding *pro se*, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction under 28 U.S.C. § 1343. He names Lonnie M. Saunders, the Warden of Augusta Correctional Center, and Larry Huffman, the Regional Director as defendants. Plaintiff contends that while at Augusta Correctional Center (ACC) defendants violated his rights guaranteed by the free exercise clause of the First Amendment and the Religious Free-

dom Religious Restoration Act when they denied him the items necessary to practice his religion including oils, powders, incense, candles, botanicals[1], stones, Talisman, and charm bags. He seeks injunctive relief. Defendants have filed a motion for summary judgment to which plaintiff has responded making the matter ripe for the court's consideration.

Having considered the defendants' motion, together with plaintiff's responses and all other evidence related thereto, this court concludes that there are no genuine issues of material fact and that defendants are entitled to summary judgment as a matter of law. Thus, for the following reasons, defendants' motion for summary judgment will be granted.

## I.

Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir.1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. Instead, the non-moving party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed.R.Civ.P. 56(e). If the non-moving party fails to show a genuine issue of fact, summary judgment, if appropriate, may be entered against the non-moving party.

## II.

Unless otherwise noted, the following facts are undisputed. Plaintiff is a Virginia inmate, housed at ACC. While there, plaintiff has been denied items which are necessary to practice his religion[2] including botanicals, charm bags, candles, talismans, amulets, stones, incense, oil and powders. Pursuant to Institutional Operation Procedure (IOP) 856, ACC has a policy that governs inmate personal property. Under DOP 856 § 9.0, an inmate's request for "religious personal property" which is not specifically authorized in the DOP should be reviewed on a case-by-case basis. In addition, this section provides that no item may be possessed that may compromise security.

### III. Religious Freedom Restoration Act

The court notes at the outset that Young has attempted to amend his original complaint to now include a claim under the Religious Freedom Restoration Act of

---

1. Plaintiff has defined botanicals to include roots, herbs, barks and berries.

2. In plaintiff's original complaint he alleges that he practices the "Egyptian Freemasonry Religion." However, in his response to defendants' motion for summary judgment, he alleges he practices Voodoo. Plaintiff has not clearly alleged whether Voodoo and Egyptian Freemasonry are mutually exclusive religions. However, such a determination is not necessary for the Court to properly rule on defendants' motion.

1993, Pub.L. No. 103–141, 107 Stat. 1488 (1993)(codified as 42 U.S.C. § 2000)(also known as "RFRA"). However, the United States Supreme Court struck down the RFRA as unconstitutional in *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). Thus, any claim for relief Young has brought under the RFRA is dismissed.

### IV. Free Exercise Claim

Young asserts that the defendants violated his rights protected by the free exercise clause of the First Amendment when they denied him access to certain items necessary to practice his religion. Young states that various items are necessary for him to practice his religion including oils, powders, botanicals, a lodestone, candles, incense, Talisman, amulets, and a charm bag. Young believes that these items are necessary for magical powers and to bring him good fortune. Young also states that the root cannot be smoked and the stones are not harmful.

The defendants state in their affidavit that they would permit him to have prayer oil, but only the non-flammable Polo scented oil available in the Commissary. In addition, defendants state that because the commissary stocks prayer oil, inmates are not permitted to order it from an outside source. Young believes Polo scented prayer oil is insufficient because it is commercial oil and not religious. The defendants state that incense and candles are not approved for possession by any inmate because of the threat of fire. Next, according to the defendants, the commissary does not stock body powder, but stocks a generic bath talc. In addition, the defendants state that botanicals are not allowed because items containing roots and herbs are difficult to distinguish from drugs that are similar in appearance and smell to marijuana. Finally, defendants assert that Young has not requested a charm bag or a

Talisman or amulet. Relying on DOP 856, which provides that inmates may have small items of religious property on a case-by-case basis, defendants state that the charm bag may be approved if it does not compromise security. Defendants also state that Young may have the Talisman as long as it falls within DOP 856, which provides that a religious necklace cannot exceed 24 inches and cannot exceed the purchase price of $50.00. Further, the defendants state in their affidavit that inmates are required to provide verification of religious necessity, before religious items are approved. Young, however, alleges that he is unable to provide documentation of his religious beliefs because there is "no church hierarchy, no official written liturgy." Young asserts that this results in many variations of Voodooism.

For purposes of this analysis, the court will assume that Young has demonstrated a sincere religious belief. *Dettmer v. Landon*, 799 F.2d 929 (4th Cir.1986)(finding that religious observances need not be uniform to merit the protection of the First Amendment). Accordingly, the court will analyze Young's claims under the decisions of the United States Supreme Court in *Employment Div., Dep't of Human Resources v. Smith*, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990)(finding that a "generally applicable regulation" is constitutional even if it has an incidental effect on religious practice) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987)(finding that a regulation infringing on individual's religious practice is constitutional if the regulation is reasonably related to legitimate penological interests).

 It is well settled that prison inmates do not relinquish the First Amendment right to exercise their religion upon being incarcerated. *O'Lone v. Shabazz*, 482 U.S. at 342, 107 S.Ct. 2400. Neverthe-

less, this right is not absolute; the Constitution merely requires that prison officials reasonably accommodate inmates' observance of their religion. *Id.* For example, prison officials may refuse to permit a practice that would, in their judgment, pose a threat to institutional security. *Id.* The inquiry of federal courts into prison management is limited under § 1983 to whether a particular system violates any constitutional provision. Outside this inquiry, courts must leave judgment calls to the expertise of prison officials. *See Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984)(courts cannot substitute their own judgment on institutional management for that of prison officials). In *Dettmer v. Landon,* 799 F.2d 929 (4th Cir.1986) *quoting Bell v. Wolfish,* 441 U.S. at 547, 99 S.Ct. 1861, the Fourth Circuit stated: "When an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in light of the central objective of prison administration, safeguarding institutional security."

■ In affording ACC prison officials the deference that *Bell v. Wolfish* commands, this court concludes that defendants' prohibition of botanicals, candles, incense and stones is reasonably related to legitimate penological interests. *O'Lone,* 482 U.S. at 349, 107 S.Ct. 2400. Defendant Saunder's affidavit cites several reasons for ACC's prohibition of candles, incense, botanicals, and stones: (1) the fragrance from herbs can mask the smell and identity of marijuana; (2) candles may be used to melt and mold weapons; (3) incense and candles may cause a fire; (4) rocks and stones may be used to harm prison staff and cause security problems if used to jam locks. It cannot be disputed that these are legitimate governmental and penological interests. Moreover, the defendants' decision to prohibit Young's use of these items satisfies the *Smith* test because it is a generally applicable regulation, which applies to all inmates.

■ In addition to the ACC policy regulating personal property, ACC has a policy which requires that the Commissary only stock one type of prayer oil and powder. Currently, the Commissary at ACC stocks the non-flammable Polo scented prayer oil and a generic bath talc. Defendant Saunders relates in his affidavit that inmates are not permitted to order prayer oil or powder from an outside vendor because the Commissary stocks it. Denying plaintiff possession of prayer oil and powder does not offend free exercise principles because the *Smith* and *O'Lone* tests are satisfied. First, denying plaintiff access to prayer oil and powder satisfies the *Smith* test because it is a generally applicable policy, which applies to all inmates. Second, ACC's prohibition of prayer oil and powder satisfies the *O'Lone* test because it is rationally related to a legitimate penological interest. Similar to ACC's goals in preventing the use of candles, herbs, rocks and incense, the ACC denies access of nonflammable oil to ensure the safety and security of the prison and to reduce the flow of contraband. The defendant has failed to demonstrate that the prayer oil he seeks is nonflammable. In addition, the ACC prohibits access to powder other than the generic bath talc available in the commissary to reduce contraband in the institution. Thus, defendants' actions do not offend the *O'Lone* test. Therefore, this court finds that plaintiff's constitutional claim challenging ACC's prohibition of prayer oils and powder fails. Finding no genuine issue of material fact in dispute as to plaintiff's free exercise claim, the court concludes that defendants are entitled to summary judgment as a matter of law.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant(s).

### FINAL ORDER

In accordance with the accompanying memorandum opinion, it is hereby

### ADJUDGED AND ORDERED

that defendants' motion for summary judgment shall be and hereby is **GRANTED** and **STRICKEN** from the active docket of this court.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to plaintiff and to counsel of record for the defendant(s).